SO ORDERED: May 14, 2013.



_____
**Robyn L. Moberly
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY ELLIOTT MOORE | ) | CASE NO. 08-14133-RLM-13 |
| | ) | |
|    Debtor | ) | |
| _____ | ) | |
| | ) | |
| TIMOTHY ELLIOTT MOORE | ) | Adversary Proceeding |
| | ) | No. 12-50328 |
|    Plaintiff | ) | |
|                vs. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, successor | ) | |
| servicer to Deutsche Bank National | ) | |
| Trust Company as trustee for GSAMP | ) | |
| Trust 2004-AHL, LITTON LOAN | ) | |
| SERVICING, LLP, and DEUTSCHE | ) | |
| BANK NATIONAL TRUST COMPANY | ) | |
| as trustee for GSAMP Trust 2004-AHL | ) | |
| | ) | |
|    Defendants | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT**

This matter came before the Court on April 22, 2013 upon the Defendants' motion to dismiss the Plaintiff's complaint. For the reasons stated below, the Court finds that the complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim.

## *Background*

The Debtor filed his chapter 13 case on November 11, 2008.  Among the secured creditors listed in Schedule D was "Litton Loan" ("Litton") which was scheduled as holding a first mortgage in the Debtor's residence located at 3620 Glencairn Lane (the "Residence").  The Court confirmed the Debtor's amended chapter 13 plan on September 17, 2009.  The plan provided that Litton's pre petition arrearage was $9143.15 and that this claim would be paid to the trustee for distribution through the plan while the regular monthly payments would be paid directly by the Debtor to Litton.

About a year later on August 11, 2010, Litton amended its previously timely filed proof of claim and adjusted downward the amount of its pre petition arrearage to be paid through the plan from $9114.05 to $8090.54.  That amended proof of claim, as well as the original proof of claim filed on December 18, 2008, nearly nine months before the Debtor's chapter 13 plan had been confirmed, had attached exhibits that noted that Litton was merely the servicing agent for "Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Dated October 1, 2004, GSAMP Trust 2004–AHL" ("Deutsche").  The original mortgage had been assigned and placed in a trust with a pool of other mortgages which then were sold to investors as mortgage-backed securities.  The original proof of claim had attached as an exhibit the original note and mortgage dated June 22, 2004 wherein Home Funds

Direct ("HFD") was the original mortgagee. The mortgage also provided that Mortgage Electronic Registration Systems ("MERS") was acting solely as nominee for HFD and HFD's successors and assigns and that MERS was also the mortgagee. The Debtor did not object to either claim. Litton filed its "notice of transfer" on October 11, 2011, indicating that it had transferred its claim to Ocwen Loan Servicing, LLC ("Ocwen"). Both the Debtor and the Debtor's bankruptcy counsel were served with this notice of transfer.

The Debtor completed his payments under his confirmed chapter 13 plan. The chapter 13 trustee filed her "Notice of Final Cure Payment" on September 5, 2012, indicating that she had paid $8090.54 to Ocwen, as provided for in Litton's amended claim. Ocwen, Litton and Deutsche (the "Creditors") are represented by the same counsel here who, in the April 22nd hearing, acknowledged that the pre petition arrearage had been paid in full. The trustee likewise filed her "Notice of Plan Completion" on September 14, 2012 and her final report and account on January 14, 2013. The Debtor has requested and obtained a deferment of the entry of discharge and has not yet filed his "Motion for Entry of Chapter 13 discharge" due to the pendency of this adversary proceeding.

This adversary proceeding challenges the validity of the securitized mortgage. The Debtor's complaint filed on October 29, 2012 essentially alleges that MERS assigned HFD's rights under the mortgage, and, as HFD's "nominee", had nothing to assign to Deutsche and therefore, the assignment is invalid. The complaint further alleges that Deutsche did not comply with the terms of the Pooling and Servicing Agreement ("PSA") regarding acceptance of loans into the pool. The Defendants seek

3

dismissal of the complaint on the basis that the Debtor has no standing to challenge the assignment of the mortgage or the compliance with the PSA.

## *Discussion*

### *Default Judgment*

As a preliminary matter, the Court notes that, in his response to the Defendants' motion to dismiss, the Debtor asks that default judgment be entered against the Defendants because of their failure to file a "responsive pleading" under Fed. R. Civ. P. 7. Fed. R. Bankr. P. 7007 provides that Fed. R. Civ. P. 7 applies in adversary proceedings. True, a "motion to dismiss" is not among the "pleadings" denominated in Fed. R. Civ. P. 7(a) and thus, under this definition, a motion to dismiss is not a "responsive pleading". However, the Debtor's reliance on Rule 7 is misplaced. The Debtor is asking that default judgment be entered against the Defendants. Fed. R. Civ. P. 55(a) (applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7055) provides that a default judgment is proper only when "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*". "Otherwise defend" presumes "the *absence* of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim". *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984). A defendant's motion to dismiss a complaint for failure to state a claim falls squarely under the "otherwise defend" language of Fed. R. Civ. P. 55 because the defendant has taken affirmative action to prevent satisfaction of the plaintiff's claim by challenging the sufficiency of the complaint. Such challenges prevent the entry of a default judgment, even if the

4

defendant has failed to file a "responsive pleading" under Fed. R. Civ. P. 7.  *Id*. at 33.  Thus, an entry of default judgment here is not appropriate. [1]

### *Rule 12(b)(6) - Failure to State a Claim for Relief*

The Defendants' motion to dismiss is based on F. R. Civ P. 12(b)(6).  Fed. R. Bankr. Pro. 7012 provides that F.R. Civ. P. 12(b) applies to bankruptcy adversary proceedings. Where the defendant contends that the complaint should be dismissed because the plaintiff has not stated a claim for relief, the Court accepts every factual allegation in the plaintiff's complaint, and dismissal of the complaint is proper only if there is no legal theory upon which the plaintiff could recover.  See, *Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007).

What the Debtor's complaint essentially seeks is a declaratory judgment that the assignment of the mortgage to Deustche is void and that the sums paid should be disgorged because the documents attached to the proofs of claim do not establish a clear chain of assignment showing that Deutsche owns rights under the mortgage.  The Court is mindful of the litigation precipitated by securitized mortgages in the secondary market.

Perhaps it is easier to state what the Debtor does not dispute.  The Debtor does not dispute the validity of the original note and mortgage.  The Debtor has not objected to either the original or the amended proof of claim filed by Litton.  The Debtor has not

---

[1] The Debtor's request for default judgment can be denied on procedural grounds as well.  The local rules of the bankruptcy courts of this District require that default be requested by application or motion, and, if by motion, it must be accompanied by an affidavit if the claim to which no response was made is for a "sum certain".  See, B-7055-1(b). Further, both applications and motions for default judgment must be filed separately, and not as part of an objection or response to an opponent's motion.  See, B-9013-1.

moved for post confirmation modification of his chapter 13 plan. [2] The Debtor's complaint does not propose that he will pay the funds for which he seeks disgorgement into his chapter 13 estate, resulting in a larger dividend to creditors; if that were true, one would wonder why such an action was not pursued by the chapter 13 trustee. Simply, the Debtor wants this Court to reconsider the validity of Deutsche's secured claim now that the Debtor has completed all of his plan payments. [3]

### *Effect of Confirmation under §1327*

Section 1327(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind the debtor and each creditor, regardless of whether the plan provides for a creditor's claim or whether a creditor objected to plan confirmation. As long as a party in interest has had a reasonable opportunity to object to a claim or a plan preconfirmation, a "strong presumption of finality" arises once a chapter 13 plan is confirmed. *Ruhl v. HSBC Mortgage Services, Inc. (In re Ruhl)*, 399 B.R. 49, 58 (E. D. Wis. 2008). A confirmation order is *res judicata* as to all issues decided or which could have been decided during the confirmation process. *Dorset v. American Home*

---

[2] A plan can be modified post confirmation by motion under §1329 but the ability to modify is not limitless. The circumstances for post confirmation modification must fall under one of the four categories set forth in §1329(a). Those categories are (1) to increase or reduce payments to a particular class; (2) to extend or reduce the time for such payments; (3) to alter the amount of distribution to a creditor to take account of payments made to that creditor by means other than under the plan; and (4) to reduce the amounts paid under the plan by the actual amount expended by the debtor to purchase health insurance. This section does not provide that the plan may be modified to increase or reduce the amount of a secured claim. See, *Mbazira v. Litton Loan Servicing, LLP, et al (In re Mbazira)*, 2011 WL 3208033 at *4,(D. Mass. July 27, 2011).

[3] The Court reads the complaint to ask for the avoidance of the mortgage and disgorgement of the sums paid to the Defendants back to the Debtor. Section 544 allows a *trustee* to avoid a transfer in property and recover it for the benefit of the estate. Even though §544 does not expressly give a debtor a right to bring an avoidance action, there is a split of authority on the issue. See, *In re Currie*, 2013 WL 1305805 at *10 (collecting cases) (Bankr. D. Mass. March 28, 2013).

6

*Mortgage Servicing, Inc. (In re Dorset)*), 2012 WL 5389649 at *2 (Bankr. D. Del. November 2, 2012). Parties seeking to "undo" a confirmed plan must have a good reason to do so, like redressing fraud, correcting a failure to afford an interested party due process or addressing an unexpected problem that arises during the life of the plan. *Ruhl*, 399 B.R. at 58. Indeed, a confirmation order may be revoked if procured by fraud under §1330(a). [4]

Post confirmation challenges to the validity of secured claims are not favored if the debtor or trustee had an opportunity to object to the secured claim before the plan was confirmed. *Adair v. Sherman*, 230 F.3d 890, 894-895 (7th Cir. 2000) (FDCPA claim brought by chapter 13 debtor dismissed where debtor failed to object to defendant/creditor's proof of claim prior to plan confirmation); *Layo v. First Nat'l Bank of Northern New York (In re Layo)*, 460 F.3d 289, 295 (2nd Cir. 2006)(chapter 13 confirmation order was *res judicata* as to debtor's and trustee's post confirmation attempt via adversary proceeding to avoid confirmed, recorded lien on debtor's property where lien was claimed by creditor and included in confirmed plan); *In re Reid*, 480 B.R. 436, 450 (Bankr. D. Mass. 2012) (court entered summary judgment in favor of creditor and found that res judicata effect of confirmed plan precluded trustee from avoiding mortgage and seeking disgorgement of sums paid to creditor); *Hope v. Acorn Financial, Inc.*, 2012 WL 74874 at *6 (M. D. Ga. January 10, 2012)(confirmed plan prevented trustee from bringing preference action challenging the perfection of creditor's lien in debtor's vehicle).

---

[4] A party in interest, within 180 days of the date of the entry of the confirmation order, may request revocation of that order under §1330(a).

The *res judicata* effect of a confirmation order has also been used to prohibit debtors from challenging a secured creditor's standing to bring a post confirmation motion for stay relief. See, *Dorset,* at *3 (debtor, who argued that secured creditor had not shown a complete chain of assignment demonstrating its entitlement to enforcing the note, precluded from challenging creditor's standing to seek stay relief, finding that debtor "had multiple opportunities to dispute the mortgage debt"); *In re Fennell*, 2012 WL 1556535 at *4 (Bankr. E. D. N. Y. May 2, 2012) (debtor who argued that assignments of notes and mortgages were unenforceable because signatories on allonges did not possess the requisite authority to bind creditor, and that only the mortgage, and not the note, was assigned to creditor, precluded from challenging creditor's standing, because alleged defects were present in documents attached to creditor's proof of claim to which debtor did not object).

Attached to Litton's original claim filed on December 18, 2008 was a copy of the original mortgage bearing the stamp of the Marion County Recorder dated July 1, 2004. This claim was filed in accordance with Fed. R. Bankr. P. 3001(d) which requires a secured proof of claim to be accompanied by evidence that the security interest was perfected. Because Litton's claim was filed in accordance with the bankruptcy rules, it constituted prima facie evidence of the validity and the amount of the claim under Fed. R. Bankr. P. 3001(f). Also attached to Litton's claim was "exhibit A" which was an itemization of the claim amounts and which clearly noted that Litton was the servicing agent for Deutsche, as trustee under the Pooling and Servicing Agreement. The original claim was filed nearly nine months before the Debtor's chapter 13 plan was confirmed and, under Fed. R. Bankr. P. 3001(f), continued to have the evidentiary effect

of a valid claim unless and until it drew an objection filed in accordance with Fed. R. Bankr. P. 3007.

Based on the two attachments, the Debtor could have objected to the claim and asked for additional documentation with respect to the chain of assignment from HLD to Deutsche. No such objection was filed. The plan was confirmed, and based on the finality of the confirmed plan, Litton accepted payments of the pre petition arrears and applied them to the Debtor's account. Nothing in the confirmed plan left open the determination of Litton's secured claim otherwise. The Court concludes that the Debtor had more than a reasonable opportunity prior to confirmation to contest the chain of assignment and the validity of the mortgage. Modification of the confirmed plan is not an option because the plan has been completed. Furthermore, nothing in the record suggests that confirmation of the plan was procured by fraud, that terms of the confirmed plan must be "undone" because an interested party was not afforded due process, or that an unexpected problem arose which prevented the Debtor from completing his payments under the confirmed plan. The Debtor's failure to object to Litton's claim or to otherwise show legally sufficient cause to revoke the confirmation order bars him now from raising in this Court any challenges to Deutsche's secured claim in this Court. Taking all of the facts of the complaint as true, the Complaint fails to state a claim.

The Court's decision here is a narrow one: the challenges to the assignment and validity of Deutsche's mortgage have come too late to upset the finality afforded a confirmed plan. The Court makes no determination as to whether Debtor may bring these challenges in another forum. Accordingly, the Defendants' motion is GRANTED

9

and the complaint is DISMISSED.

# # #

Distribution:
Evelyn Lecia Keaton, Attorney for the Debtor/ Plaintiff
Frederic Lawrence, Attorney for the Creditors/ Defendants
Ann Delaney, Chapter 13 Trustee